# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50151
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SPENCE LANE ADAMS, also known as Spencer

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - -

consolidated with:

No. 07-50153
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SPENCE LANE ADAMS

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-240-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Spence Lane Adams pled guilty to robbing a bank in San Antonio, TX. Adams was on supervised release for another bank robbery at the time he committed the instant bank robbery. He previously had robbed multiple pharmacies as well. Three months after Adams had entered his guilty plea, he filed a motion to withdraw his plea. At a consolidated hearing, the District Court denied Adams's motion and conducting sentencing. The District Court properly calculated Adam's recommended Guidelines range as 151-180 months imprisonment and then imposed a 240-month sentence in light of "Adam's extensive history" of robberies, "long history of being unable to resolve his addiction problems," and the "Court's obligation" to protect the general public and to protect Mr. Adams from himself. Adams appeals the denial of his motion to withdraw and the reasonableness of the District Court sentence.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). In determining whether a District Court has abused its discretion in denying a motion to withdraw, we consider seven factors. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984)). Those factors are: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion to withdraw; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. See id.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adams focuses his argument on two of the Carr factors: that his plea was neither knowing nor voluntary; and that he asserted actual innocence.

First, Adams contends that his plea was not knowing or voluntary because he testified during the plea colloquy that he did not remember committing the offense and that he was under the influence of narcotics at the time he committed the offense. Adams's assertions, however, are contradicted by his statement under oath at sentencing that, at the time he was robbing the bank, he knew it to be illegal. In addition, as a convicted federal felon, Adams had prior experience with the criminal justice system and the procedures attendant to entering a guilty plea. Moreover, Adams acknowledged that he discussed the possibility of an insanity defense before entering his guilty plea and decided against it. See Carr, 740 F.2d at 345.

Second, Adams argues that he adequately asserted actual innocence because he contended that he was intoxicated when he robbed the bank because of his abuse of prescription medication. Adams's purported excuse is an insufficient denial of criminal culpability for a general intent crime like robbery. See United Sates v. Molina-Uribe, 853 F.2d 1193, 1205 (5th Cir. 1988) ("It is well-settled that voluntary intoxication is no defense to a general intent crime."), overruled on other grounds by, United States v. Bachynsky, 934 F.2d 1349 (5th Cir. 1991)); United States v. Sam, 467 F.3d 857, 862 (5th Cir. 2006) (observing that robbery is a general intent crime). Moreover, Adams's argument that there was overwhelming testimony of his insanity fails because the only testimony of incompetency came from Adams himself and the District Court found that testimony not credible. Because the district court had the opportunity to witness Adams's demeanor at the withdrawal hearing, the court's assessment of Adams's credibility should not be disturbed. See Carr, 740 F.2d at 345; cf. United States v. Ocana, 204 F.3d 585, 593 (5th Cir. 2000)("This Court reviews a district court's determinations of witness credibility for clear error).

The remainder of the contested Carr factors also reveal that the District Court did not abuse its discretion by denying the motion to withdraw. Contrary to Adams's assertion, the three-month delay in the filing of the motion was substantial, especially considering that Adams asserted that he had received the medical book only weeks after the entry of his guilty plea. See United States v. Grant, 117 F.3d 788, 790 (5th Cir. 1997). By the time the motion was filed, the PSR had been prepared and withdrawing the plea would have disrupted the trial docket and inconvenienced the court. See id. The District Court did not abuse its discretion in denying the motion to withdraw. See id.

We review Adams's sentence in two steps: first, we consider whether the District Court committed a procedural error, such as failing to calculate or improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider 18 U.S.C. 3553(a) sentencing factors, basing his sentence on clearly erroneous facts, or failing adequately to explain the chosen sentence. United States v. Walmores-Rodriguez, No. 07-10535, 2008 WL 853576 (5th Cir. Apr. 1, 2008) (citing Gall v. United States, 128 S.Ct. 586, 2007); and second, we consider the substantive reasonableness of the sentence under an abuse of discretion standard. See id.

Adams contends that the 240-month sentence imposed by the District Court was unreasonable under United States v. Booker, 543 U.S. 220 (2005). Specifically, Adams argues that he should have received a lesser sentence because he suffers from anxiety, depression, and a degenerative disk disease in his back. Adams further argues that a lesser sentence was warranted because: he did not commit a crime of violence, there was no weapon involved, he accepted responsibility, he was unaware of the offense at the time it was committed because of certain prescription medication he was taking, and he would not have committed the offense but for his addiction to prescription medication.

Our review of the record shows that the District Court committed no procedural error at sentencing, and that the sentence imposed is substantively reasonable.  See Gall, 128 S. Ct. at 594.  The District Court properly calculated the Guidelines range, used that range as a frame of reference, and explained its reasons for issuing a higher non-Guideline sentence.  In particular, the District Court noted that Adams had a long criminal history and had been unable to resolve his addiction problems.  The District Court also noted that the offense traumatized the bank teller and that a longer period of incarceration would better safeguard the public and would protect Adams from hurting himself.  Accordingly, we find that the District Court did not abuse its discretion.  See id.

For the foregoing reasons, we AFFIRM the District Court.

AFFIRMED.